IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDW LLC, BDDW DESIGN LLC,** | : | |
| **BDDW STUDIO LLC**, and | : | |
| **TED TYLER HAYS**, | : | |
| | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **NO. 22-2648** |
| **BANK OF AMERICA, N.A.**, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**Perez, J.**                                                                                   **April 9, 2025**

  Defendant Bank of America, N.A. ("Defendant" or "BOA"), moves for summary judgment on its breach of contract and unjust enrichment counterclaims and request for attorneys' fees and costs. ECF No. 59. To "establish[] the allegations in the Counterclaim[s]," Defendant relies almost exclusively on the declaration of Nicholas Cardarelli (ECF No. 59-1, "Cardarelli Dec."). ECF No. 59-19 at 6. Defendant did not identify Cardarelli in its initial Rule 26(a) disclosures or interrogatory responses. ECF No. 67 at 5; ECF No. 70 at 1. Plaintiffs EDDW LLC ("EDDW"), BDDW Design LLC, BDDW Studio LLC, and Ted Tyler Hays (collectively, "Plaintiffs") urge the Court to exclude the Cardarelli Dec. in its entirety and therefore deny Defendant's motion. ECF No. 67 at 5–8. Defendant contends exclusion is not warranted because Cardarelli merely replaced another employee, Tiffany Higgins, as a business records custodian, and its failure to supplement its interrogatory responses pursuant to Rule 26(e) was inadvertent. ECF No. 70 at 1. For the reasons set forth below, the Court will accept the Cardarelli Dec. It will also order Defendant to make Cardarelli available for a deposition and will allow Plaintiffs to supplement their opposition to summary judgment accordingly.

1

I. **STANDARD OF REVIEW**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . , unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether to strike untimely disclosed evidence," a district court must consider:

> (1) the prejudice or surprise to the party against whom the evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which permitting the evidence might disrupt the orderly and efficient administration of the case; (4) the bad faith or willfulness, if any, that accompanies the untimely disclosure; and (5) the overall importance of the evidence proposed for exclusion[.]

*Webster v. Dollar Gen., Inc.*, 314 F.R.D. 367, 370 (D.N.J. 2016) (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997); *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987)).

II. **DISCUSSION**

The Cardarelli Dec. introduces minimal prejudice or unfair surprise. Cardarelli attests to facts that were already "in the record prior to the close of discovery" and "do not contradict prior evidence." *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 552–53 (D. Del. 2013). Plaintiffs contend Defendant relies solely on the Cardarelli Dec. to establish: (1) Defendant and EDDW entered into the contract at issue; (2) Defendant advanced funds to EDDW under the contract; (3) EDDW defaulted; and (4) the amounts due. ECF No. 67 at 1. But Cardarelli substantially repeats BOA employee Carmen Bruce's 2023 recounting of the Parties' execution and Defendant's performance of the contract. *Compare* ECF No. 59-1 ¶¶ 24–33, *with* ECF No. 24-2 ¶¶ 26–30, 32, 35, 45. Plaintiffs did not depose Bruce before the close of discovery. Nor did they take advantage of this Court's subsequent order directed towards ensuring they could depose her after discovery closed. *See* ECF No. 56. Cardarelli's description of Plaintiffs' default is substantiated by other

record evidence. *See* ECF No. 59-16. The specific amounts due have not previously appeared in the record because they postdate the close of discovery. *See* ECF No. 59-17. However, Plaintiffs can hardly claim to be surprised that Defendant would seek to assign a dollar amount to its counterclaims on summary judgment.

Defendant contends its "failure to disclose Cardarelli as a witness was inadvertent"—not bad faith. ECF No. 70 at 5. Plaintiffs do not raise any competing facts in opposition. Instead, they argue it would be "reasonable to infer" Defendant's bad faith because their claim that Defendant breached the implied covenant of good faith survived Defendant's motion for judgment on the pleadings. *See* ECF No. 67 at 6. The Court disagrees: it cannot extrapolate from its conclusion about the pleading adequacy of a withdrawn claim that Defendant purposefully withheld Cardarelli's identity.

Plaintiffs also concede the importance of the Cardarelli Dec. *See id.* at 7. In sum, the prejudice, bad faith, and importance factors clearly weigh in favor of accepting the Cardarelli Dec.

Plaintiffs claim they "undoubtedly would have sought to depose" Cardarelli had they known of his identity prior to Defendant's motion. *Id.* at 2. The Court is skeptical. Cardarelli serves as a substitute business records custodian to Higgins, who Defendant disclosed in its interrogatory responses, *see* ECF No. 67-1 at 3, and who Plaintiffs chose not to depose. But to the extent Defendant's reliance on Cardarelli as a witness does prejudice Plaintiffs, absent Court intervention, they "will not be able to cure the prejudice because the period for discovery is closed." *Doe v. Luzerne Cnty.*, No. 3:08-CV-1155, 2010 WL 2245578, at *3 (M.D. Pa. June 1, 2010). As such, this factor weighs against accepting the Cardarelli Dec.

Given that trial is still two months away, the Court finds that reopening discovery for the limited purpose of allowing Plaintiffs to depose Cardarelli will not disrupt the order or efficiency of this case. To cure any prejudice to Plaintiffs, Defendant shall make Cardarelli available for a deposition. And "because the need for this additional discovery resulted exclusively from Defendant[']s own conduct, the Court will require [it] to bear the" associated costs. *Webster*, 314 F.R.D. at 371.

### III. CONCLUSION

The Court will not exclude the Cardarelli Dec. or deny summary judgment on that basis. Instead, it will defer ruling on Defendant's motion until Plaintiffs have supplemented their opposition in light of Cardarelli's deposition.